IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40241
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS GONZALEZ-ALMARAZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-441
- - - - - - - - - -

January 5, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

José Luis Gonzalez-Almaraz appeals his conviction and the sentence he received following his guilty-plea conviction for attempting to illegally reenter the United States after deportation, in violation of 8 U.S.C. § 1326(a).

Gonzalez-Almaraz contends that the record of his rearraignment does not allow meaningful appellate review. He contends that we cannot evaluate his responses to the questions posed by the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court and cannot determine whether he understood the rights that he was waiving.

A guilty plea involves the waiver of several constitutional rights, and thus, it must be intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238 (1969). Rule 11, Fed. R. Crim. P., requires the district court to follow certain procedures in determining whether a defendant's guilty plea is made knowingly and voluntarily. We employ a two-part analysis in determining whether the district court has complied with Rule 11: "(1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

Gonzalez-Almaraz does not contend that the district court varied from the procedures required by Rule 11. Gonzalez-Almaraz does not contend that his plea was not voluntary, he does not contend that he did not understand the proceedings or a specific right that he was waiving, and he does not contend that he did not understand the nature of the charge or the potential sentence he faced. He does not identify a single error on the part of the district court.

Gonzalez-Almaraz also argues that the district court erred by imposing a sixteen-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), for his prior Texas felony conviction for possession of cocaine. Because he raises this argument for the first time on appeal, it is reviewed for plain error. See United States v. Rodriquez, 15 F.3d 408, 414-15 (5th Cir. 1994); Fed. R.

Crim. P. 52(b).  Gonzalez-Almaraz has not demonstrated any error, plain or otherwise, arising out of the district court's application of § 2L1.2(b)(1)(A).  See <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).

His conviction and sentence are AFFIRMED.